Benjamin Blakeman, D. Lee Stevens, Defendants and Counterclaimants The fundamental issue in this case is whether an insurer is shielded from any liability for damages sustained as a result of its own negligence by the simple device of filing an interfleeter action. There's no decision in the Ninth Circuit that directly addresses that issue. The Court in this case ruled that the appellants, the counterclaimants and the underlying proceeding had no recoverable damages. The Court conceded that some types of damages might be recoverable, excuse me, based on the insurer's negligence, but not the type of damages sustained. Now, I understand what the district court did. The district court didn't say that when he discharged the bank or the insurance company on an interfleeter action, that that wiped out all of the claims against the insurance company apart from the contractual claims. In other words, I understood the district court's willing to say that the negligence claims survived. Right? The negligence claim. Well, the Court was first said the negligence claim survived and then turned around and said that although you still have a negligence claim, you can't recover any of these damages. What he said was you suffered no harm. Well, I don't. You suffered no loss. I believe the loss is clear. And what the Court was saying, as I understood it and I believe in the record, was that although there may have been a loss, it's not recoverable in an interfleer action. I don't think he denied that. You think he was saying that the loss here was just nothing more than another twist on the breach of contract claim that was covered by the interfleer? Your Honor, as I understood him, he was saying that if you incurred attorney's fees after the date of filing of the interfleeter action, that those attorney's fees would not be recoverable in an interfleer, even though they were incurred in litigating with the other, with the third party. And even if they were caused by the negligence of West Coast life. So that's what we disagree with. And also, what is the negligence claim? The negligence claim. Well, there are actually two different claims. The first one was on July 11th, 2005, when the owners of the insurance policy actually flew up to San Francisco and went to West Coast Life's office in order to change the ownership of the insurance policy and to change the beneficiary as well. That Mr. Davis, who was the administrator of the insurance policy administration department, instructed them who was to sign the form. He was negligent in what he directed? Correct. He failed to obtain the signature of one of the owners to the transfer. And this was only discovered after the insured was dead. And at that point, West Coast Life took the position that because of this error, that our clients had no right to anything. So the result of their alleged negligence that created this dispute. Correct. Which is different than, I gather, than, well, it seems to me, it strikes me as a little bit different than, you know, a true stakeholder who just says, I'm holding this money and I've got these competing claims for the money. It's not my, we have nothing to do with these claims. They're just different people are claiming this money. So I want out of this little dispute, I put the money in the court and walk away. That's correct. And they were certainly entitled to put the money into court, but they were not entitled to walk away. That's our view. I think that, well, it struck me, though, that the district court seemed to agree with that initially, but then changed his mind. Yes. And oddly enough. But he did it in an odd way. I'm not quite sure I understand. I'm not sure how he concludes that as a matter of law, there are no damages if there is an alleged negligence claim. We, you know, I asked the judge on the record a number of times why he was taking that position, and I never really got an answer that I felt was, you know, that I could really fully understand. It looks, it appears to me that he was confusing two lines of cases, one that dealt with the negligence claim and the other that dealt with the damages. And what he said, you know, the ordinary rule in the interpreter is you can't recover the attorney's fees. And then he applied that to the negligence claim because the amount you've asserted as damages happened to be equal to the attorney's fees because that's how you were damaged by having to pursue, be a party to this action and go to court to begin with when the   that's how you were damaged as a result of West Coast negligence. I totally agree. Then maybe you can sit down while I hear from the other side. Let me just ask one last question. Your damage, as I understand, also includes the amount of the benefit that you didn't get, right? That is correct. So it's both the amount of the benefit you didn't get plus the attorney's fees. That's correct. Right? Yes. All right. Do you want to reserve the remainder of your time? I will. I would. You'll still have it if you need it. Thank you. Okay. Thank you. There's something wrong with the light. It's flickering. Okay. Go on. Good morning, Your Honor. May it please the Court. My name is Linda Oliver, and I represent West Coast Life Insurance Company. I'd like to start out by addressing the questions you were raising with Mr. Blakeman. The Court did consider this issue and found that the interpleader would not have been appropriate if West Coast Life had been guilty of bad faith conduct but mere negligence or interpleader, and there are cases. I don't see how an interpleader action can absolve you of negligent conduct that was discovered only after the death of the insured. Well, once again, if you look at the Vizcuzzo case, in that case, the court in New York specifically ruled that interpleader could only be denied when the stakeholder was guilty of bad faith fraud or deceit, but not when the insurer acted negligently in fraud. Is that a Second Circuit case? Southern District of New York. Counsel, I see a little different language in the cases when they're talking about negligence in terms of deciding who's entitled to the sum of money as to two legitimately competing people. But when the person who's interpleading the funds has caused the controversy, I see that as a little different. Would you address that aspect of this case? Because it's not the fact that, okay, say, for instance, there was the insurance company had appropriately done all of the beneficial changes, that there was no mistake by the insurance company, and yet the family was fighting over the proceeds. That's a classic interpleader situation where the insurance company should be able to put the money into the court, let them fight it out, and it's absolved of any responsibility. Do you see any difference between that and a case where the insurance company itself has made the wrongdoing by the insurance company? You don't see any difference between those two scenarios? I do see a difference between those scenarios, but I think the cases that we've cited make a difference between cases in which the insurer was just negligent as opposed to acting fraudulently and intentionally. Why should there be a difference? Why is it in this, within the context of interpleader, why should the insurance company or the stakeholder be entitled to a higher, why would the competing claimants have to meet a higher standard in order to keep the stakeholder in the case for alleged wrongdoing? Well, I think the reasoning of the district court was part of the purposes of an interpleader is to resolve a dispute and protect the stakeholder, not compensate the claimants. Well, it's not, it's only, but Judge Warren, I mean Judge Warren, Judge Robinson posed sort of the heart of this case to you. Interpleader isn't just to give everybody a free, get out of jail free card. Correct. And if it's a classic interpleader situation, they get out and they're absolved of any wrongdoing, even get their attorney's fees out of the fund. The stakeholder does, yes. But this is an entirely different, and your only response is, well, they didn't act, they didn't, they either weren't gross negligent or didn't engage in any bad faith, and therefore they, when the interpleader was granted, they're, they walk away. Yet, you can't really explain to me why they should be entitled to that such a high standard, that kind of benefit. I believe the cases that we've cited have. Okay, we're not bound by those cases. So you need to convince us why we should be persuaded to adopt those cases. I think in terms of the purposes of interpleader, it makes sense to do so. Well, this whole action, this, we wouldn't even have had an interpleader had Davis not acted negligently. I think in light of the multiple beneficiary and ownership changes of this policy, and in light of the fact that when the complaint was filed, both sides said they were entitled to 100 percent of the policy benefit, which really doesn't make sense if you look at, even if you say that all the beneficiary changes were put in were the intention of the parties, it really never made sense that both sides would say they were entitled to 800,000. But if no mistakes had been made, the insurance company wouldn't have to worry about any of that. It would just say, you guys fight it out, here's the policy limits, I'm out of here. But we don't have that situation in this case, unfortunately, because the stakeholder became a participant in this case by failing to correctly document the beneficiary changes. If the insurance company had correctly documented, would there have been any ground for the other parties to stand on? If the company had received competing claims, they would have been entitled to file an interpreter, even under those circumstances. But I'm asking what would be the basis for some of the other claimants' claim that policy had been correctly signed in the first place? I believe this is not in the record, actually, but I believe that the parties said that there was some influence, there's deposition testimony that one of the policy changes was made while the owner was drunk, I believe, at a party. Let me ask you this. Let's assume for a minute that we disagree with your argument, that we don't adopt your argument, that the counterclaimants would have to show intentional wrongdoing or bad faith wrongdoing, and that negligence is all they have to show to keep the stakeholder in the action. So the district court seemed to say, okay, and that's what I, when I looked at what happened, that's kind of what I thought the district court did. But then the district court said, well, you can't recover any, there are no damages here. So there's nothing for you to recover. So judgment for against the counterclaimants and a judgment in favor of the insurance company. Is it your position that they suffered, that if they have a negligence action, there are no damages here as a matter of law? The interim leader cut off their right to attorney's fees. The district court did recognize that if there had been attorney's fees incurred before the filing of the interim leader, those would have been recoverable if there had been a finding of negligence. So the district court did not accept your argument that there had to be bad faith, right? The district court recognized that negligence could serve as a source of liability. Didn't the district court recognize that? The district court actually cited Love v. Fire Insurance Exchange and Murphy, indicating that attorney's fees would not be recoverable absent a showing of bad faith. I'm not talking about attorney's fees. I'm talking about the ability of the plaintiffs to recover from the stakeholder. I'm not sure I understand your question. Did the district court make a ruling that bad faith was required in order for the plaintiffs to recover anything from the stakeholder? We did with respect to the attorney's fees. No, I'm not asking about attorney's fees. I'm talking about damages generally. Did the district court make a ruling that in order for the plaintiffs to recover any kind of damages, that there would have to be a showing of bad faith or willfulness? Did the court make that ruling? I don't believe so. Did you understand them only to be seeking attorney's fees as damages? Attorney's fees and the portion of the interpreted funds that were paid to the other statements. Right. But the district court said you don't get any. There are no damages here, period. It was because it was a dispute over the stake and because attorney's fees are not recoverable in interpleader actions. So in the end, even though he initially thought that the negligence claim survived, in the end he actually determined that the interpleader wiped out all claims. He specifically said it did not, but he found there were no damages. I find that a little confusing. All right. Okay. Thank you. I understand. I don't know. I don't mean to. It's fine. Thank you. Thank you. Do you have any rebuttal? I just wanted to comment that I don't believe there was ever a case cited by other side or by the judge in this instance that made a determination that bad faith was necessary for the recovery of attorney's fees under a third-party court fees or situation such as what we were claiming in this case. The bad faith issue went only to the attempted recovery of attorney's fees in the same litigation for litigating against the insurance company, which is a species of attorney's fees that we were specifically not seeking in this case. And I'd be happy to answer any other questions. Okay. We're fine. We'll submit this case on the briefs. So Lee v. West Coast is submitted on the briefs, submitted now after oral argument. And we'll take up Export-Import Bank v. United California Discount Corp. Thank you.
judges: Wardlaw, Paez, Rawlinson